## LYON *vs.* ROBERTSON.

*Twelfth Judicial District Court, June,* 1857.

ATTACHMENT BOND—DAMAGES.

Discontinuing a suit brought by attachment, is not a judgment such as will entitle the defendants to recover damages against the sureties.

Counsel who discontinue a cause can deny the discontinuance as a defense to a second action, when in the second action they appear for different parties.

This is an action to recover $700, amount of an undertaking on attachment. On the 7th. of February last, W. P. Thompson commenced in this Court his action against the plaintiffs herein, and procured the issuance of an attachment. The defendants executed an undertaking in the usual form required by law, conditioned that if Lyon & Cannon recovered judgment against Thompson, they would pay to them the amount of the bond. The stock of goods in plaintiffs store was seized by the Sheriff, and at the end of four days released by giving an undertaking for that purpose. Subsequently Thompson served a notice on Lyon & Cannon and on the clerk, of the discontinuance of the action, and an entry was made by his attorneys on the clerk's register to that effect. Plaintiffs to-day offered evidence to show the damage done to their credit, as merchants, by having their stock levied upon, but the Court refused to admit it. Defendants then moved for a nonsuit.

*B. S. Brooks,* for plaintiff.

*Janes, Lake & Boyd,* for defendants.

NORTON, J.—In this case, plaintiff could not recover for damage resulting to their credit as merchants, by reason of issuance of the attachment, nor for the necessary loss of time in releasing it, nor the legal expenses of defending the first suit brought against them. Evidence would be admitted to show the outlay made by plaintiffs in procuring the release of attachment. The motion for a nonsuit would be granted, on the ground that the filing and service of notice and entry on clerk's register were not a judgment of discontinuance—the statute requiring the defendants to obtain judgment before they would be entitled to recover on the undertaking on attachment. The Court held, also, that though the same counsel who now appeared for defendants instituted the action against Lyon & Cannon in the first place, and made the entry of its discontinuance on the clerk's register, and served notice of same on Lyon & Cannon, yet they were at liberty to deny the action had ever been discontinued as a defense to this action on the attachment bond, as they were now appearing for different parties. Judgment of nonsuit.